# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

# NOVEMBER TERM, 1904.

WIRT ADAMS, STATE REVENUE AGENT, *v.* WILLIAM C. GRIFFIN.

CHANCERY PRACTICE. *Waste. School lands, sixteenth section.*

A bill in equity to recover for waste committed by defendant on sixteenth section school lands, averring simply that the school authorities had leased the land, that the original lessee had assigned the lease, and that defendant held under it, is demurrable for a failure to show the term of the lease, when, where, by whom and to whom it was made.

FROM the chancery court of, second district, Perry county.

HON. STONE DEAVOURS, Chancellor.

Adams, state revenue agent, appellant, was complainant, and Griffin, appellee, defendant in the court below. From a decree in defendant's favor the complainant appealed to the supreme court.

This was a suit brought by appellant against appellee, who was lessee of a sixteenth section in Perry county, for the purpose of recovering, for the use of the school fund, damages for cutting and boxing timber on said land. The substantial aver-

ments of the bill are that on the —— —— day of ——— ——, 18——, acting for and on behalf of the county, and under the law, the authorities who were at that time charged with the leasing of said school land did on the date aforesaid lease the land described in the bill; that some time after the execution of said lease the lessee assigned said lease, and since that time it has been the property of various and sundry parties, becoming on the — day of ———, 18——, the property of defendant, W. C. Griffin; that some time after coming into possession of the lease said Griffin, without regard for the rights of the reversioners or remaindermen, but with view to his sole profit, did cut and remove the greater portion of the timber on said land; that said timber was not cut for the purpose of opening and clearing and cultivating the wild land, but was done for the purpose of converting said timber into lumber for the sole profit of respondent; that by reason of the cutting of the timber the land is now a barren waste, without sufficient timber to support the land were it placed in a state of cultivation; that said Griffin did box the timber, or allow it to be done, on said land, which did great damage to the timber—to wit, about $500; that the timber cut was of great value—to wit, $5,000; that complainant has no means of ascertaining the exact amount of the value of the timber cut and removed, nor the exact amount and value of the lumber into which it was converted, nor the exact amount and value of the turpentine and rosin removed, except by means of a discovery by respondent and the appointment of a commissioner by the court to take and state an account between the parties. The prayer of the bill was that complainant do have and recover of the defendant the value, with interest, of the timber and turpentine, etc., and for general relief. Defendant demurred to the bill, and the demurrer was sustained.

*Mayes & Longstreet,* for appellant.

*Green & Green,* for appellee.

CALHOON, J., delivered the opinion of the court.

The bill in this record avers that "on the ——— day of ———, 18—, the authorities who were at that time charged with the leasing of school lands did," acting in virtue of the laws, "lease the following described land" (describing it). There is no averment showing when, by whom, or to whom the lease was made, nor of the time for which it was made, nor of the terms of the instrument, nor whether it was in force or had expired when the acts complained of were done. It then proceeds to charge "that some time after the execution of this said lease the lessee named therein assigned said lease, and since that date it (the said lease) has been the property of various and sundry parties, becoming on the —— day of ———, 18—, the property of defendant, W. C. Griffin;" and then it charges that "some time after becoming possessed of this said lease" he, regardless of the rights of the reversioners, but for his sole profit, "did cut and remove the greater portion of the timber on said land," whereby said land "is now left a barren waste," without timber enough to support it if ever cultivated, and that Griffin damaged the timber by boxing much of it for turpentine. The damage by the cutting is put at $5,000, and that by the boxing at $500. It is then averred that "complainant has no means of ascertaining the exact amount of the value of the timber removed, nor the exact amount and value of the lumber into which this timber was converted, nor the exact amount and value of the turpentine and rosin removed from said land, except by means of a discovery by respondent and the appointment of a commissioner to take and state the account," and that on final hearing decree be rendered that "complainant do have and recover" this value, with interest, and for general relief. This is substantially the whole bill, and the court sustained a demurrer to it, and dismissed it, but allowed sixty days to amend it. No amendment was made, but appeal was taken after the sixty-days leave expired.

Expressly declining to pass upon any other matter involved

in this record, we hold that the demurrer was properly sustained to the bill, because it is too vague and indefinite to call for an answer.

*Affirmed.*